**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

GEORGE D. COLLINS,

                Plaintiff,

v.                                CIVIL ACTION NO. 3:04-1318
                                Consolidated with 3:04-1321

SWVA, INC., a Delaware
corporation, and UNITED STEEL
WORKERS OF AMERICA, AFL-CIO,
CLC, an unincorporated association,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Currently pending before the court is Defendants SWVA, Inc. and United Steel Workers of America, AFL-CIO, CLC's motion to dismiss the complaint. For the following reasons, the Court **DENIES** the defendants' motion.

**I. Factual Background**

There are very few facts regarding the plaintiff's employment that are undisputed by the parties. These undisputed facts are as follows. First, the parties agree that Plaintiff, George Collins, worked at Steel of West Virginia beginning in 1976 and was a member of United Steel Workers of America. In 1994 he filed a worker's compensation claim for neck injury that was contested by the employer. The plaintiff prevailed and underwent two surgeries to his neck and returned to work in 1997. He was also diagnosed with hepatitis. He and members of his family, including his autistic son, have undergone expensive treatment under his employer's self-insured health plan. Defendant SWVA terminated Plaintiff in September 2001. The union filed a grievance under the collective

bargaining agreement and the arbitrator reinstated Plaintiff.  Defendant SWVA terminated the plaintiff again on May 20, 2003, the event that is the cause of the action here. At this point, the parties' description of facts behind the discharge diverge.  Plaintiff alleges that he was discharged because Defendant discriminated against him for filing the 1994 worker's compensation claim and also marked him for discharge because his family's serious health conditions presented a potential financial liability for the Defendant's self-insured health fund. The plaintiff also alleges that United Steel Workers of America breached its duty of fair representation by not proceeding beyond the third step of the grievance to arbitration as on the previous occasion in 2001.  Defendant alleges that the plaintiff was terminated for misconduct and for threatening the co-workers.

## II. Analysis

### Rule 12(b)(6) Standard of Review

In disposing of the Motion to Dismiss, this Court is governed by *Mylan Laboratories, Inc., v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993), in which the Fourth Circuit Court of Appeals held:

> In general, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.

*See also Hurt v. United States,* 889 F. Supp. 248, 251 (S.D. W. Va.1995).  The Court has further held that, in light of the standard of review:

> a Rule 12(b) motion should be granted only in very limited circumstances.  The Supreme Court has explained that "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the

> principle that the purpose of pleading is to facilitate a
> proper decision on the merits.

*Rogers v. Jefferson-Pilot Life Insurance Co.,* 883 F.2d 324, 325 (4th Cir. 1989) (*quoting*

*Conley v. Gibson*, 355 U.S. 41, 48 (1957).

Plaintiff in count one alleges a violation of West Virginia's Human Rights Act set forth West Virginia Code Section 5-11-1 *et seq*., based upon a claim of disability discrimination.  Defendant argues that this claim is time barred because, according to Plaintiff's complaint, he felt he was discriminated against as of 1997 when disparaging remarks were made by his supervisor regarding his and his family's health status.  Therefore, Defendant contends, the claim for discrimination under West Virginia's Human Rights Act accrued in 1997 and is barred by the two-year statute of limitation under West Virginia Code Section 55-2-12.  Defendant also raises the statute of limitations as to  count two, the worker's compensation discrimination claim.  Plaintiff responds by referring to the mixed motive theory for his termination claiming that SWVA partly based its decision to terminate Plaintiff based upon his worker's compensation case and the perception that he was disabled.  At the hearing on the motion to dismiss, Plaintiff's attorney conceded that the complaint could have been more specific.  He stated that Plaintiff was not seeking  any damages for the 1997 incident, but rather was alleging that he was marked for discharge in 1997 and that the employer continued the grudge and ultimately the discharged him in 2003. The discharge is the subject matter of this lawsuit.

The law is clear and the parties do not dispute that there is a two-year statute of limitation for claims asserted for violations under the Human Rights Act and the anti-discrimination provisions of Worker's Compensation Act. W. Va.  Code Section 55-2-12,  *Harmon v. Higgins*, 426 S.E.2d 344 (1992). This Court finds that the injury or adverse action in this case is the  termination of employment and therefore the two-year statute of limitations runs from this event, regardless of Defendants' actions

or comments in the past that are alleged to have started the animus.  Counts one and two are not barred by the statute of limitations.

Defendant also raises the affirmative defenses of  statute of limitations against count four, the tort of outrage under West Virginia law. There is a dispute between the parties with regard to the correct duration of statute of limitation for the tort of outrage under West Virginia tort law.  On the question of  whether the applicable statute of limitations bar the plaintiff's claim for the tort of outrage, both sides have offered case law seemingly supporting their positions regarding the correct duration.  Defendant cites *Rankin v. Berkeley  County Sheriff's Department,* 222 F. Supp.2d (N.D.W.Va. 2002).   *Rankin* relies on a 1992 West Virginia Supreme court decision, *Ricottilli v. Summersville Mem. Hosp.,* 425 S.E.2d 629 (1992).  This Court finds the facts of the instant case distinguishable from *Ricottilli.*  This Court is persuaded by the more recent West Virginia Supreme Court decisions declaring that a claim for severe emotional distress arising out of a defendant's tortious conduct is a personal injury claim and is governed by a two-year statute of limitations under W.Va.Code, 55-2-12(b) . *McCammon v. Oldaker,* 516 S.E.2d 38 (1999) citing *Courtney v. Courtney*, 437 S.E.2d 436 (1993).  A recent West Virginia case on point involving a claim of tort of outrage due to wrongful discharge is *Travis v. Alcon Laboratories, Inc*.,  504 S.E.2d 419 (1998), in which the West Virginia Supreme Court, responding to the certified questions by the Southern District of West Virginia, stated the following:

> We hold that, in claims for intentionally or recklessly inflicted emotional distress that arise from a termination of employment, the two-year statute of limitation for personal injuries begins to run on the date of the last extreme and outrageous conduct, or threat of extreme and outrageous conduct, which precipitated the termination of employment.

*Id at* 433

 The Court find *Travis* controlling here and accordingly finds that the a claim for severe emotional distress arising out of a defendant's alleged tortious conduct of the termination of employment is a personal injury claim governed by a two-year statute of limitations. Therefore, the claim of tort of outrage is not barred by the  statute of limitations in this case.

With regard to Defendant's contention that the outrage claim is preempted by ERISA, the Court finds that the claim here alleges discrimination based on the disability of his son or himself and not the employer's potential motivation of avoiding paying the benefits, which this Court finds would have been preempted by ERISA.  *Hoops v. Elk Run Coal Company, Inc.* 57 F.Supp.2d 357 (S.D.W.Va.1999), *citing*  Employee Retirement Income Security Act of 1974, § 510, 514(a), 29 U.S.C.A. §§ 1140, 1144(a).

Additionally, Defendant raises the defense of Plaintiff's misconduct as a reason for discharge and responds to the allegations of  "mixed motive" as a legal conclusion.   In ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. *Advanced Health-Care Services, Inc. v. Radford Community Hosp.,* 910 F.2d 139, 143 (4th Cir.1990).  "Dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear, as a matter of law, that no relief can be granted under any set of facts that could be proven consistent with the allegations of the complaint."  *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984).  Plaintiff in this case alleges mixed motive for termination of his employment,  and one of the motives was discriminatory intent on the part of employer. The Court notes that while the instant complaint is not a model of specificity or clarity and perhaps a well drafted complaint in this

case could have prevented some of the Defendant's assault, any fair reading of the complaint reveals that his allegations about his employer's reason for discharge are merely recitation of the employer's claims and not any kind of admission of wrongful conduct. Based on the standard of review,  the Court finds that Plaintiff's claim of wrongful discharge survives at this stage of litigation.

Finally, Defendant argues that the claim of wrongful termination against it under the collective bargaining agreement should fail because Plaintiff  has not alleged a claim against the union upon which relief can be granted, which is a predicate for this claim. The Court finds that Defendant employer has no standing to challenge the sufficiency of a claim against a co-defendant union. The Court notes that the union is a party to this action and failed to timely join the motion, appearing only at the hearing of the employer's motion to dismiss. Even though the union failed to join or oppose the motion before the hearing,  its counsel did join the motion orally. Despite the fact that the motion is denied on the basis of the employer's lack of standing, so that the issue is resolved now, the Court is inclined to consider the basis for this motion.

In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.  The Court notes that Plaintiff pleads that the only witness who supported the employer's stated reason of misconduct for his discharge recanted and that the union knew that the sole basis of discharge was no longer valid. Plaintiff further alleges that despite this knowledge, the union decided not to pursue the grievance because it did not want to bear the expense of arbitration. While the union may be able to justify its position on the merits, at the motion to dismiss stage, the Court has to resolve it in the light most favorable to Plaintiff.

For the foregoing reasons, the court **DENIES** the defendant's motion to dismiss the complaint. The Court **DIRECTS** the Clerk to send a copy of this written opinion and order to counsel of record and any unrepresented parties.

**ENTER:**      July 8, 2005

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE